UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SOLOMONA RICKY PATU,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DANIEL WHITE, et al.,<br><br>　　　　　　Defendants. | Case No. C22-00737-LK-SKV<br><br>REPORT AND RECOMMENDATION |

Plaintiff is a state prisoner who has filed a proposed 42 U.S.C. § 1983 complaint and a motion to proceed *in forma pauperis* ("IFP"). Dkt. 4. The Court concludes Plaintiff has incurred at least three "strikes" under 28 U.S.C. § 1915(g) and has failed to show he is under imminent danger of serious physical injury. Accordingly, the Court recommends that Plaintiff's application to proceed IFP, Dkt. 4, be denied, and that Plaintiff be directed to pay the filing fee within 30 days of the order adopting this Report and Recommendation. The Court further recommends this matter be dismissed without prejudice if Plaintiff fails to pay the filing fee.

BACKGROUND

Plaintiff, a prisoner confined at the Monroe Correctional Complex-SOU ("MCC-SOU"), filed a proposed complaint and IFP application alleging claims against two MCC-SOU

REPORT AND RECOMMENDATION - 1

1  employees. Dkt. 4-1 at 4–6.  Plaintiff appears to allege Defendants violated his rights under the

2  Eight and Fourteenth Amendments by cutting off his unit's access to programs such as regular

3  law library, education, and barber due to units at MCC-SOU being segregated and placed on

4  quarantine due to a COVID-19 outbreak.  *Id.*  Plaintiff argues that "the inmates who are infected

5  should be quarantined without affecting our regular programs." *Id.*  Plaintiff alleges the lack of

6  access to this regular programming has caused him "emotional damages and mental stress" and

7  places him in "imminent danger." *Id.*

8                              DISCUSSION

9         Pursuant to the Prison Litigation Reform Act ("PLRA"), "prisoners who have repeatedly

10 brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule."

11 *Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007).  The "three-strikes rule"

12 contained in the PLRA states:

13      [i]n no event shall a prisoner bring a civil action under this section if the prisoner
        has, on 3 or more prior occasions, while incarcerated or detained in any facility,
14      brought an action or appeal in a court of the United States that was dismissed on
        the grounds that it is frivolous, malicious, or fails to state a claim upon which
15      relief may be granted, unless the prisoner is under imminent danger of serious
        physical injury.
16
    28 U.S.C. § 1915(g).
17
           The Court's records show Plaintiff has filed a considerable number of lawsuits.  At least
18
    three of those prior matters, which were filed while Plaintiff was incarcerated, have been
19
    dismissed as frivolous or for failure to state a claim upon which relief may be granted.  Another
20
    court in this District recently found Plaintiff has incurred at least three "strikes" and is ineligible
21
    for IFP status.  *See Patu v. David*, No. C22-532, Dkts. 4, 5; *see also Patu v. Cullum*, No. C22-
22
    738, Dkt. 8 (Report and Recommendation issued July 8, 2022 recommending denial of IFP based
23

REPORT AND RECOMMENDATION - 2

on three strikes rule). This Court agrees and finds the following prior dismissals constitute "strikes" pursuant to Section 1915(g):

- *Patu v. Allbert*, No. C14-765-MJP, Dkts. 11, 13 (case dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim);

- *Patu v. Alexander*, No. C15-5332-RJB, Dkts. 9, 13, 17 (case dismissed for failure to state a claim; court found the dismissal counted as a strike under Section § 1915(g));

- *Patu v. Albert*, No. C15-722-RSM, Dkts. 11, 13 (case dismissed for failure to state a claim).

Because he has incurred three "strikes," Plaintiff is barred from proceeding IFP unless he shows he was "under imminent danger of serious physical injury," at the time he signed his civil rights complaint. *See* 28 U.S.C. § 1915(g).

Plaintiff fails to make the required showing. Plaintiff's complaint alleges only that, due to a COVID-19 quarantine and resulting segregation of units, his unit has been unable to access programs such as regular law library, education, and barber. *Id.* Although Plaintiff alleges he is in "imminent danger", he makes no allegation of any risk of physical harm, alleging only that he suffered "emotional damages" and "mental stress." Dkt. 1-1 at 5. These allegations fall far short of the required showing of imminent danger of serious physical injury.

Plaintiff is therefore ineligible to file this lawsuit in federal court without paying $402.00 ($350.00 filing fee plus $52.00 administrative fee). *See* 28 U.S.C. § 1915(g).

CONCLUSION

The Court recommends Plaintiff's IFP application (Dkt. 4) be **DENIED** based on the three-strikes rule of 28 U.S.C. § 1915(g). The Court further recommends Plaintiff be required,

REPORT AND RECOMMENDATION - 3

within 30 days of issuance of the order adopting this Report and Recommendation, to pay the $402.00 filing fee in order to proceed with his complaint, and that this case be dismissed without prejudice if he fails to do so.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 5, 2022**.

Dated this 12th day of July, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4